

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-9-2009

# Jeanette Seaman v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3425

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Jeanette Seaman v. Comm Social Security" (2009). *2009 Decisions.* Paper 1557.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1557

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3425
_____

JEANETTE B. SEAMAN,

Appellant

v.

SOCIAL SECURITY ADMINISTRATION

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-01855)
District Judge:  Honorable Thomas M. Golden

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 24, 2009

Before:  RENDELL, FUENTES and NYGAARD, Circuit Judges

(Filed: April 9, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

Jeanette Seaman appeals the District Court's decision affirming the

Commissioner's denial of her request for benefits.  We will affirm.

In February 2002, Seaman filed an application for disability insurance benefits. Seaman alleged a disability beginning January 17, 2002, based on a degenerative disease of the neck and back and a vision problem. After the initial denial of Seaman's application, she received a hearing before an Administrative Law Judge ("ALJ"). The ALJ found that Seaman was not disabled under the Social Security Act and the Appeals Council denied her request for review.

While the ALJ concluded that Seaman did not have a severe visual impairment, he found that the medical evidence of record established that Seaman's cervical and lumbar disc diseases were severe medically determinable impairments which limited her to the exertional requirements of sedentary work. The ALJ further determined, however, that Seaman retained the residual functional capacity to perform a full range of sedentary exertional work, including the requirements of her past relevant work as a medical transcriptionist both as she performed it and as it is generally performed in the national economy. See Ramirez v. Barnhart, 372 F.3d 546, 550-51 (3d Cir. 2004) (describing 5-step process). Seaman sought review of the ALJ's decision, which became the final decision of the Commissioner, in the District Court. The District Court adopted the Magistrate Judge's Report and Recommendation over Seaman's objections and affirmed the ALJ's decision. This timely appeal followed.

The District Court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction over Seaman's appeal pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

We exercise plenary review of the District Court's legal conclusions. Allen v. Barnhart, 417 F.3d 396, 398 (3d Cir. 2005). We review the factual findings in the ALJ's decision for substantial evidence. Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). Having carefully reviewed the record and the parties' submissions, we agree with the District Court and will adopt its reasoning. Other than the exceptions noted below, which, like the District Court, we find harmless, the ALJ properly considered, discussed and weighed the relevant evidence pertaining to Seaman's disability allegations. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001).

Consistent with the regulations, the ALJ determined that while Seaman had an impairment or combination of impairments considered severe, the subjective allegations of her limitations and complaints of pain were not fully credible in light of the medical evidence and Seaman's self-reported activities of daily living. See Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). Moreover, we agree that, even assuming *arguendo* the ALJ erred in failing to find evidence of spinal stenosis, such error was harmless insofar as Seaman failed to establish the remaining requirements set forth in Listed Impairment 1.04.

The same holds true with respect to the ALJ's apparent failure to consider the combined effect of all of Seaman's impairments (including her non-severe vision problem), given the ALJ's finding that Seaman was capable of performing her past work as a medical transcriptionist. The District Court properly noted that, despite Seaman's

perceived inability to remain a productive member of the work force given certain technological advances in her chosen profession, substantial evidence exists in the record to support the ALJ's finding that she is not disabled within the meaning of the Social Security Act. See Barnhart v. Thomas, 540 U.S. 20, 22 (2003) ("SSA may determine that a claimant is not disabled because she remains physically and mentally able to do her previous work, without investigating whether that previous work exists in significant numbers in the national economy."). We are not at liberty to engage in the type of *de novo* review that Seaman requests we undertake in this appeal. Like the District Court, we review the ALJ's findings of fact under the substantial evidence standard, and we must affirm if those findings are supported by such relevant evidence as a reasonable mind might accept as adequate. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). On the record presented, a reasonable mind could certainly accept as adequate the evidence supporting the ALJ's finding that Seaman's impairments did not result in functional limitations which prevented her from "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools," see 20 C.F.R. § 404.1567(a), and, as such, that she retains the residual functional capacity to perform a full range of sedentary exertional work, including the requirements of her past relevant work as a medical transcriptionist. See 20 C.F.R. § 404.1565.

Finally, Seaman's request that we "change the law" in this case is not one we can grant inasmuch as the Constitution vests legislative power in Congress and not the courts.

The District Court provided Seaman with a full and fair opportunity to present her case and reviewed her claims under the appropriate standard. Accordingly, we will affirm the order of the District Court.